UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCF WAXLER MARINE LLC d/b/a<br>SCF TOWING,<br><br>    Plaintiff,<br><br>v.<br><br>ARMILIO HENRY,<br><br>    Defendant. | Case No. 21-1016 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

SCF Waxler Marine LLC d/b/a SCF Towing. ("SCF"), for its Complaint for Declaratory Judgment, alleges the following upon information and belief:

1. This is an action for a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

2. At all material times, Plaintiff SCF was a limited liability company organized and existing under law and was the operator of a fleet of vessels that operate on the inland waterways of the United States.

3. Defendant Armilio Henry is an individual who resides in Hattiesburg, Mississippi.

4. This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. §1333, and SCF herein invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

5. Venue is proper in this matter under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to this controversy occurred in this judicial district.

6. On or about February 15, 2021, Henry was employed by SCF and working aboard the M/V SCF MARINER when he was allegedly injured in the course and scope of his employment.

7. At the time of Henry's alleged injury, the M/V SCF MARINER was operating on the Mississippi River in the vicinity of Rosedale, Mississippi.

8. Henry alleges that, on February 15, 2021, he slipped and fell flat on his back while working aboard the M/V SCF MARINER.

9. Henry did not report his alleged injury until February 23, 2021, at which time he completed an Employee Illness/Injury Report. On the Injury Report, Henry stated that he hurt his lower back and that he had experienced a similar illness or injury before in 2016.

10. SCF made Henry a conditional offer of employment on May 1, 2020. After providing Henry with a conditional offer of employment, SCF required Henry to complete a medical history disclosure. Henry completed the medical history disclosure on May 12, 2020. In completing the disclosure, Henry did not disclose a prior injury to his lower back.

11. After Henry reported the alleged February 15, 2021 injury, SCF promptly initiated the payment of maintenance and cure benefits.

12. On information and belief, SCF alleges that (1) Henry intentionally misrepresented or concealed pertinent medical facts during a pre-employment medical exam; (2) the non-disclosed facts were material to the company's decision to hire the claimant; and (3) there was a causal link between the concealed pre-existing injury and the alleged February 15, 2021 injury.

13. An actual and substantial controversy exists, within this Court's admiralty jurisdiction, between parties with adverse legal interests with respect to the issue of whether Henry is entitled to maintenance and cure from SCF.

WHEREFORE, Plaintiff SCF prays that:

a. Process in due form of law according to the practice of this Court be issued against Defendant Henry citing him to appear and answer this Complaint.

b. This Court declare, pursuant to 28 U.S.C. §2201 and Rule 57, Fed.R.Civ.P., that Plaintiff SCF has no liability to Defendant Henry to pay maintenance and cure to him or on his behalf and for such other and further relief as to the Court seems just and proper.

Respectfully submitted,

GOLDSTEIN AND PRICE, L.C.
and Neal W. Settergren (to seek admission pro hac vice)
and Giles B. Howard, T.A. (to seek admission pro hac vice)
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
314-516-1700 (phone)
314-421-2382 (fax)
neal@gp-law.com
giles@gp-law.com

and

By: /s/ Dean A. Sutherland
DEAN A. SUTHERLAND (#12585)
Jeansonne & Remondet
365 Canal Street, Suite 1660
New Orleans, LA 70130
Telephone: (504) 524-7333
deans@jeanrem.com
Local Counsel

**Attorneys for Plaintiff**